UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN K. MOORE,

        Plaintiff,

v.

BANK OF AMERICA,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,

        Defendants.

                                                     /

Case No. 12-12907

District Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court is Defendants Mortgage Electronic Registration Systems, Inc. ["MERS"] and Bank of America, NA's ("BANA's") July 9, 2012 *Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* [Docket #4], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the following reasons, I recommend that the motion be GRANTED, dismissing this Complaint with prejudice.

### I. BACKGROUND

On May 30, 2012, Plaintiff, proceeding *pro se*, filed suit in Wayne County Circuit Court, alleging improprieties relating to his January 26, 2006 $177,385 residential loan for the property located at 39387 Buckingham Dr. in Romulus, Michigan. *Defendants' Exhibit*

*B, Docket #4.* He alleges Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*("RESPA"), the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"), and other federal and state statutes. Plaintiff seeks quiet title to the property in question. *Complaint, Docket #1*, pg. 17 of 33. Defendants removed the action to this Court on July 2, 2012.

Plaintiff obtained the loan in question on January 26, 2006, granting a mortgage in favor of Defendant MERS, acting solely as nominee for lender Countrywide Home Loans, Inc. *Docket #4, Defendants' Exhibits B-C.* On November 6, 2008, MERS assigned the loan to Citibank, N.A., as Trustee for the holders of structured Asset Mortgage Investments II, Inc., Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates Series 2006-4 ("Citibank"), recorded by the Wayne County Register of Deeds on November 13, 2008. *Id.* at *Exhibit D.* Defendant BANA currently services the loan. *Defendants' Brief* at 2.

The Complaint cites the Uniform Commercial Code ("UCC") in support of the claim that the 2006 agreement is invalid. *Complaint* at ¶¶5-6. Plaintiff asserts that the loan agreement and the 2008 assignment by MERS is invalidated by the fact that MERS did not hold an interest in the property. *Id.* at ¶10. He alleges that the November 6, 2008 assignment to Citibank violated M.C.L. § 600.2109. *Id.* at ¶7.

Plaintiff also claims that the assignment was only "robo-sign[ed]," and witnessed by an out-of-state notary, thus proving that the assignment was "a case of money laundering" and made fraudulently. *Id.* at ¶10. He alleges that the assignment is fraudulent, citing nineteenth century Massachusetts case law for the premise that the mortgage agreement is

void. *Id.* at ¶13. He argues that because the promissory note and mortgage were "bifurcated" at the time of the November 6, 2008 MERS assignment to Citibank, the chain of title is broken. *Id.* at ¶¶13, 17. He claims that the assignment was not properly recorded, and as such, is invalid. *Id.*

Plaintiff alleges that Defendants failure to "validate" the debt as required by 15 U.S.C. 1692g(b) also entitles him to quiet title and damages. *Id.* at ¶18. He claims that Defendant BANA violated "REMIC LAW"[1] due to "its poor bookkeeping of accounts," adding that BANA is subject to criminal charges because it defrauded the federal government. *Id.* at ¶22.

Plaintiff relies on an April 2, 2004 warranty deed to the property (evidently assigned to him at the time he purchased the property) in support of the argument that the January, 2006 mortgage agreement is void. *Id.* at ¶3; *Exhibit A.* Finally, Plaintiff alleges that "[t]he lawyer" committed violations of the FDCPA. *Id.* at ¶20.

Plaintiff seeks a declaration that the loan is invalid as well as $344,800 in damages. *Id.* at pg. 17 of 33.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary

---

[1] Plaintiff is apparently referring to a Real Estate Mortgage Investment Conduit ["REMIC"]. 26 U.S.C. §§ 860A-G.

judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

556 U.S. at 679 (internal citations omitted).

### III. ANALYSIS

**A. Fed. R. Civ. P. 8(a)**

Defendants argue first that the Complaint fails to meet the pleading standards set forth in Fed. R. Civ. P. 8. *Defendants' Brief* at 5. They contend that "Plaintiff fails to allege any specific acts" by [them] whatsoever," and that the "vague and conclusory allegations amount to nothing more than rambling attacks on the mortgage-lending industry . . ." *Id.*

Rule 8(a) requires that "a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "'The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.'" *Twombly*, *supra* 550 U.S. at 555-556, 127 S.Ct. at1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004)(internal punctuation omitted); *see also Iqbal, supra.*

After careful review of the Complaint and Plaintiff's multiple responses to the present motion, I conclude that he does not meet the pleading standards set forth in Rule 8(a). While Plaintiff alleges violations of a number of federal and state laws, he does not explained how Defendant MERS violated any of the cited statutes or more basically, how his interest in the disputed property was affected by MERS' assignment or why he is entitled to a rescission of the loan and monetary damages. Likewise, the Complaint does not provide a basis for recovery against BANA. The Complaint's fifth paragraph alleges that some entity ("the Principal") refused to validate the mortgage debt in violation of FDCPA. While this claim would most logically be directed at BANA as the loan servicer, Plaintiff does not claim that either Defendant violated the Act. While the "failure to validate" claim reappears at

-5-

paragraph 18, Plaintiff does not state which Defendant violated the Act. Plaintiff's allegations of UCC violations also refer to the offending party as "the Principal." *Complaint* at ¶¶5-6. The Court is not required to pin the free floating allegations of misfeasance by unnamed entities on present Defendants.

Further, even assuming that Defendants violated "Remic Law" in an attempt to defraud the federal government, Plaintiff has not articulated how the violation affected his rights under the mortgage agreement or why the violation entitles him to relief. *Complaint* at ¶22. While Plaintiff asserts that the MERS assignment was "fraudulent and therefore void," he does not allege that his rights were affected by assignment, much less how the assignment was fraudulent. *Id.* at ¶13.

Nonetheless, the Court will discuss Defendants' remaining arguments for dismissal.

### B. Allegations of Fraud

Defendants are correct that Plaintiff has failed to plead the fraud claims with sufficient particularity to satisfy the heightened requirements of Fed. R. Civ. P. 9(b). *Defendants' Brief* at 5-6.

Under Rule 9(b), the plaintiff must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."*Sanderson v. HCA-The Healthcare Co.* 447 F.3d 873, 877 (6th Cir. 2006)(internal citations omitted). In Michigan, a claim of fraud requires the following: "(1) That defendant made a material representation; (2) that it

-6-

was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. International Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). "The absence of any one" of these elements "is fatal to a recovery." *Id.* (Internal citations omitted). The purpose of Rule 9(b) "is to alert defendants 'as to the particulars of their alleged misconduct' so that they may respond." *Kanouno v. SunTrust Mortg., Inc.,* 2011 WL 5984023, *4 (E.D.Mich.2011)(Rosen, J.)(citing *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir.2007)).

Despite the fact that the Complaint is peppered with the terms "fraud" and "fraudulent," the fraud claim is subject to dismissal, First, Plaintiff has failed to articulate how either Defendant knowingly made a material representation of the terms of the mortgage agreement or assignment. Although a number of his claims seem to pertain to the November 6, 2008 mortgage assignment, he has not alleged that the assignment violated the terms of the January 26, 2006 agreement. Further, Plaintiff has not shown how he was injured by the assignment or that the assignment in any way affected his rights under the January 26, 2006 mortgage agreement.

### C. Plaintiff's Challenge to the November, 2008 Assignment by MERS

Plaintiff's attack on the November, 2008 assignment by MERS is also without merit.

First, the assignment to Citibank is permissible under the terms of the January, 2006 mortgage agreement which states that the mortgage note "can be sold one or more times without prior notice to Borrower." *Defendants' Exhibit C, Docket #4-4, ¶20.* Second, "[A] litigant who is not a party to an assignment lacks standing to challenge that assignment" aside from the instance in which the obligor raised a claim to avoid "having to pay the same debt twice." *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC* 399 Fed.Appx. 97, 102, 2010 WL 4275305, *4 (6th Cir. October 28, 2010). Because Plaintiff has not alleged that the assignment imposed an additional obligation or changed his rights or privileges under the original agreement in any way, he does not have standing to challenge the assignment.

For the same reason, Plaintiff's claim that certain "irregularities" surrounding the November, 2008 assignment release him from his obligations under the January, 2006 mortgage agreement is unavailing. The claim that the note was impermissibly bifurcated at the time of the assignment does not provide grounds for relief. The Michigan Supreme Court has rejected the theory that separating the note from the mortgage invalidates the mortgage agreement or prevents the assignee from asserting its right to foreclose under the agreement. *Residential Funding Co, LLC v. Saurman,* 490 Mich. 909, 910, 805 N.W. 2d 183, 185 (2011).

### D. Plaintiff's Remaining Claims

As noted by Defendants, Plaintiff's further reliance on various state and federal laws

in support of his position is unavailing. Plaintiff's claim under M.C.L. § 600.2109 appears to be based on his contention that Defendants fraudulently recorded a non-existing interest in the property. *Complaint* at ¶7. Instead, the statute "establishes the criteria for the introduction of certain documents into evidence."[2] *Easton v. Fannie Mae,* 2012 WL 1931536, *3 (E.D.Mich. 2012)(Steeh, J.).

Likewise, Plaintiff's contention that Defendants did not abide by the requirements of RESPA at the January, 2006 mortgage closing should be dismissed. *Complaint* at ¶23. Even assuming that the Complaint stated a cause of action under RESPA in the events surrounding the mortgage closing, allegations of impropriety are time barred by RESPA's three-year statute of limitation. 12 U.S.C. § 2614. Aside from the fact that Plaintiff has not stated a viable claim of fraud against either Defendant, the various claims of fraudulent misrepresentation surrounding the January, 2006 mortgage closing are subject to Michigan's six-year statute of limitations. *Boyle v. General Motors Corp.,* 468 Mich. 226, 230, 661 N.W.2d 557 (2003); M.C.L. § 600.5813.

---

[2] M.C.L. § 600.2109 states as follows:

> All conveyances and other instruments authorized by law to be filed or recorded, and which shall be acknowledged or proved according to law, and if the same shall have been filed or recorded, the record, or a transcript of the record, or a copy of the instrument on file certified by the officer in whose office the same may have been filed or recorded, may be read in evidence in any court within this state without further proof thereof; but the effect of such evidence may be rebutted by other competent testimony.

As discussed in Section **A.**, above, Plaintiff's claim that FDCPA was violated by the failure to validate the loan does not meet the pleading requirements of Fed. R. Civ. P. 8(b). He refers to the offending party only as "the Principal," and without more, the Court is unable to determine which Defendant, if either, allegedly failed to validate the debt. 15 U.S.C. 1692g. Plaintiff also cites FDCPA at paragraph 18 of the Complaint, but again fails to state which Defendant violated the Act. At paragraph 20, Plaintiff alleges that "[t]he lawyer is responsible for false debt collection," but it is unclear whether he is actually referring to a non-party lawyer involved in the collection of present debt or merely citing a case for that proposition.

Even assuming that the claim passed muster under Rule 8(b), it is nonetheless subject to dismissal. Plaintiff asserts that some entity "failed or refuse[d]" to validate the debt in question. *Complaint* at ¶5. Even if the failure to validate the loan could be imputed to BANA, Plaintiff has not provided any facts to show that the loan servicer meets the definition of a "debt collector" pursuant to FDCPA. The fact that BANA serviced the loan, with nothing more, does not subject it to liability under the FDCPA. *Montgomery v. Huntington Bank,* 346 F. 3d 693, 698-699 (6th Cir. 2003). While under certain circumstances, a loan servicer could fall within the definition of a "debt collector" under the Act, Plaintiff has not alleged that he was in default at the time that BANA began servicing the loan. *Id.* at 699. Thus, BANA would fall outside the definition of "debt collector" under the Act.. *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 106 (6th Cir. 1996); 15 U.S.C. §§

1692a(4), 1692a (6)(F)(iii).

Plaintiff's allegations of REMIC violations and the failure to abide by a "Servicer Performance Agreement" are also unavailing. [3] *Complaint* at ¶¶22, 27. Even assuming that Plaintiff has properly pled REMIC violations, he has failed to state that he has been personally injured by Defendants' failure to comply with the Internal Revenue Code.

Likewise, Plaintiff's unadorned allegations of "Servicer Performance Agreement" violations as a result of "poor bookkeeping" should be dismissed. *Id.* at ¶22. Plaintiff has failed to state that he was a party to such an agreement, the manner in which Defendants breached the agreement, or how he was injured. *See Hudson v. Mortgage Electronic Registration Systems, Inc.* 2011 WL 5553814, *3 (E.D.Mich. November 15, 2011)(Duggan, J.)("Plaintiff has not explained how Defendants' allegedly 'poor bookkeeping' constituted a breach of the alleged [Servicer Performance Agreement] contract, leaving this matter to speculation." The claim "is so lacking in facts that it must be dismissed"). As in *Hudson,* present Plaintiff "has not explained how Defendants' allegedly "poor bookkeeping" constituted a breach of the alleged agreement.

For these reasons, Plaintiff has not alleged facts showing that he is entitled to the remedy of quiet title. In Michigan "[a]ny person, whether he is in possession of the land in

---

[3] . "'REMIC' is a real estate mortgage investment conduit, *i.e.*, an entity owning a collateralized pool of real estate mortgages and related securities that satisfy certain technical requirements in the Internal Revenue Code." *In re Enron Corp. Securities, Derivative & ERISA Litigation* 761 F.Supp.2d 504, 525, fn 9 (S.D.Tex.,2011).

question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not." M.C.L. 600.2932.  A plaintiff in a quiet title action "bears the burden of establishing a prima facie case of title." *Mekani v. Homecomings Financial, LLC* 752 F. Supp. 2d 785, 796 (E.D. 2010)(Borman, J.)(citing *Boekeloo v. Kuschinski,* 117 Mich.App. 619, 628–629, 324 N.W.2d 104 (1982)).

Plaintiff has not made a prima facie case.  His "failure to 'provide any legal or factual justification for his quiet title claim other than the conclusory allegation that the foreclosure was wrongful, invalid, and voidable necessitates dismissal of his quiet title claim." *Mekani* at 796 (citing *Urbina v. Homeview Lending Inc.,* 681 F.Supp.2d 1254, 1262 (D. Nev. 2009)).  As such, this action should be dismissed.

### IV.  CONCLUSION

For these reasons, I recommend that Defendants' motion [Docket #4] be GRANTED, and that the complaint be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Date: November 13, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 13, 2012.

| | |
|---|---|
| Brian K Moore<br>39387 Buckingham Dr<br>Romulus, MI 48174-6325 | s/Johnetta M. Curry-Williams<br>Case Manager |