UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN K. MOORE,

       Plaintiff,                       Case No. 12-cv-12907
                                                     HON. BERNARD A. FRIEDMAN
vs.                                                 MAG. JUDGE R. STEVEN WHALEN

BANK OF AMERICA, et al.,

       Defendants.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND GRANTING DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

**I.**     **Introduction**

      Pro se plaintiff Brian K. Moore ("plaintiff") commenced this action against Bank of America, N.A. ("BANA") and Mortgage Electronic Registration Systems, Inc. ("MERS") seeking an order quieting title to his home. Plaintiff alleges that defendants violated a slew of federal statutes including the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") along with several other federal and state laws.

      Before the Court are plaintiff's objections to Magistrate Judge Whalen's November 13, 2012 report and recommendation ("R & R") [docket entries 14 and 15], to which defendants did not file a response. The R & R granted defendants' motion to dismiss the complaint [docket entry 4]. Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3),

and finds that the magistrate judge's recitation of the underlying facts is accurate, the Court will adopt the magistrate judge's summary of the factual record as it appears on pages 1 through 3 of the R & R.

In his objections, plaintiff argues that representatives of MERS committed fraud because they incorrectly listed their job titles when executing a deed and mortgage assignment. Plaintiff maintains that his complaint should survive defendants' motion to dismiss because it satisfies the requirements of Fed. R. Civ. P. 8. Plaintiff also requests that the Court equitably toll the limitations period for his claims pursuant to RESPA and TILA.

## II.  Analysis

Pursuant to its *de novo* standard of review, the Court finds that the magistrate judge's conclusions must be affirmed. As a preliminary matter, the Court declines to consider plaintiff's contention that representatives of MERS committed fraud when they incorrectly listed their job titles in executing a deed and mortgage assignment because such allegations "raise new facts not presented to the magistrate judge." Kinder v. Northwestern Bank, No. 10-0405, 2012 U.S. Dist. LEXIS 96847, at *3 (W.D. Mich. Jul. 13, 2012). Furthermore, the magistrate judge correctly ruled that plaintiff's complaint fails to satisfy the pleading requirements enumerated in Fed. R. Civ. P. 8. The complaint does not contain any plausible facts that could provide a basis for recovery either against BANA or MERS. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011).

Finally, plaintiff has not demonstrated sufficient grounds to equitably toll his RESPA and TILA claims. Caillouette v. Wells Fargo Bank N.A., No. 11-10204, 2012 U.S. Dist. LEXIS 41533, at *11, 15-17 (E.D. Mich. Mar. 27, 2012). Nor is plaintiff's TILA cause of action saved

by the three-year statute of repose. See id. at *12-13.

As the Court has reviewed the record, and finds that Magistrate Judge Whalen reached the correct result on the appropriate grounds, the R & R is affirmed.

Accordingly,

IT IS ORDERED that the magistrate judge's report and recommendation is affirmed.

IT IS FURTHER ORDERED that plaintiff's objections are denied.


Dated: December 12, 2012              s/ Bernard A. Friedman_____
       Detroit, Michigan              BERNARD A. FRIEDMAN
                                      SENIOR UNITED STATES DISTRICT JUDGE